<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FREEDOM WASTE SOLUTIONS, INC., | |
| Plaintiff, | Civil Action No. 15-cv-4756 (SRC) |
| v. | OPINION |
| FAMILY DOLLAR, and JOHN DOES I-X, | |
| Defendants. | |

<u>**CHESLER**</u>, District Judge

This matter comes before the Court upon the motion filed by Defendant Family Dollar, Inc. ("Defendant") to dismiss Counts 2, 3, 4, 5, 6, and 7 of the Complaint filed by Plaintiff Freedom Waste Solutions, Inc. ("Plaintiff"). Plaintiff opposes this motion. The Court has considered the parties' submissions and proceeds to rule without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant's motion on all Counts.

**I.    BACKGROUND**

Plaintiff is a nationwide waste and recycling management company engaged in waste disposal, and is headquartered in New Jersey. (Compl. ¶ 1.) Defendant is a nationwide chain of variety stores with its principal place of business in North Carolina. (Compl. ¶ 2.) The Complaint alleges that Plaintiff engaged in communications with Defendant starting around April 2013 regarding a potential business arrangement in which Plaintiff would provide waste disposal services for Defendant at stores around the country. (Compl. ¶¶ 4-5.)  In the course of these

1

communications, the parties signed a Non-Disclosure Agreement to protect their respective proprietary business information. (Compl. ¶7-8.) Subsequently, Plaintiff alleges that it divulged confidential and proprietary business information regarding its services and pricing to Defendant to obtain the business account of Defendant. (Compl. ¶¶ 9-10.) Plaintiff also alleges that Defendant told Plaintiff it would enter into an agreement with Plaintiff, primarily because of the cost savings Plaintiff could provide over Defendant's current waste disposal provider, RiverRoad Waste Solutions, Inc. ("RiverRoad"). (Compl. ¶¶ 10-11.) On September 16, 2013, Defendant notified Plaintiff it would not use Defendant's services. (Compl. ¶ 12.) Plaintiff finally alleges that Defendant caused Plaintiff damages because Defendant gave RiverRoad Plaintiff's confidential and proprietary business information, and that subsequently RiverRoad adjusted its pricing and services for Defendant based on this information. (Compl. ¶¶ 13-14.)

Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Passaic County, on May 1, 2015. Defendant subsequently removed the case to this Court on June 30, 2015, pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant now moves to dismiss Counts 2 (breach of the Non-Disclosure Agreement), 3 (unjust enrichment), 4 (detrimental reliance), 5 (fraudulent misrepresentation), 6 (breach of good faith and fair dealing), and 7 (interference with prospective economic advantage) of the Complaint with prejudice.

### II. DISCUSSION

#### A. Motion to Dismiss Standard

A complaint will survive a motion to dismiss under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Following Iqbal and Twombly, the Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). In other words, the facts alleged "must be enough to raise a right to relief above the speculative level[.]'" Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678. In reviewing a motion to dismiss under Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

B. Choice of Law Issue

The claims at issue in this motion arise in tort and equity.[1] A federal court sitting in diversity determines the substantive law to be applied by looking to the choice of law rules of the

---

[1] As Defendant notes, the parties' Non-Disclosure Agreement specifies that the "Agreement shall be deemed executed within, and interpreted in accordance with, the laws of the State of North Carolina." (Compl. Ex. B.) Since the claims at issue in this motion arise in tort and equity, however, the Court is not constrained by this contract provision in determining the proper law to apply.

forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). New Jersey applies the "most significant relationship" test to determine which state's law will govern a tort claim. P.V. v. Camp Jaycee, 197 N.J. 132, 141-42 (2008). The first step in this choice of law analysis is determining whether there is a conflict between the cited laws. Lebegern v. Forman, 471 F.3d 424, 429 (3d Cir. 2006) ("Under New Jersey choice of law principles, we must first establish whether there is an actual conflict."); P.V. v. Camp Jaycee, 197 N.J. 132, 143-44 (2008) ("If not, there is no choice-of-law issue to be resolved."). The second step is to find whether another state has a more significant relationship to the parties and issues than the forum state; if so, its law will apply. Id. at 143.

In this case, the laws of New Jersey and North Carolina must be examined to determine if they vary in any substantive manner on the disputed claims at issue; otherwise, there is no choice of law issue and the Court will apply New Jersey law.[2] The Court is satisfied that the substantive law does not differ on any claim raised in this motion. Specifically, New Jersey and North Carolina law are the same in establishing that an unjust enrichment claim[3] requires the plaintiff to demonstrate that it expected remuneration from the defendant when it conferred a benefit on

---

[2] Defendant's Moving Brief cited case law to establish that the law on each claim was the same in New Jersey and North Carolina. Plaintiff did not raise issues with choice of law, and cited predominantly to New Jersey cases.
[3] The elements of an unjust enrichment claim are the same in New Jersey and North Carolina: the plaintiff must establish that it conferred a benefit on the defendant, the defendant must have received the benefit, and the benefit must be such that it would be unjust for the defendant to retain the benefit without compensating the plaintiff. Booe v. Shadrick, 322 N.C. 567, 570 (1988).

4

the defendant, and that defendant was unjustly enriched.[4] Furthermore, such a claim cannot stand where there is a valid, unrescinded contract between the parties.[5]

Similarly, there are no substantive differences in the law on detrimental reliance[6] and fraudulent misrepresentation[7] between the states, and there is no substantive difference as to how the economic loss doctrine is applied to tort-based claims in breach of contract cases.[8] Finally, the substantive law on the implied covenant of good faith and fair dealing[9] and tortious interference with economic advantage[10] is the same in both jurisdictions.

Seeing no substantive difference in the law related to any of these claims, this Court will apply New Jersey law in its analysis of the present motion.

---

[4] Twiford v. Waterfield, 240 N.C. 582, 585 (1954) (holding that "[t]he circumstances must be such as to warrant the inference that the services were rendered and received with the mutual understanding that they were to be paid for . . .[i]t must be made to appear that at the time the services were rendered, payment was intended on the one hand and expected on the other . . . [w]here a party has voluntarily done an act or rendered a service, and there was no intention at the time that he should charge therefor or understanding that the other should pay, he will not be permitted to recover . . .") (internal citations omitted).

[5] Booe v. Shadrick, 322 N.C. 567, 570 (1988) (holding that "A quasi-contract or a contract implied in law is not a contract . . . [i]f there is a contract between the parties the contract governs the claim . . .").

[6] North Carolina recognizes detrimental reliance as a cause of action for defensive relief. Wachovia Bank & Trust Co., N.A. v. Rubish, 306 N.C. 417 (1982). Promissory estoppel is defined in North Carolina as defined in the Restatement (Second) of Contracts. Home Elec. Co. of Lenoir, Inc. v. Hall and Underdown Heating & Air Conditioning Co., 86 N.C. App. 540, 541 (1987), aff'd, 322 N.C. 107 (1988).

[7] N.C. Gen Stat. § 1A-1, Rule 9(b); Terry v. Terry, 302 N.C. 77 (1981) (requiring that in "pleading actual fraud the particularity requirement is met by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations"); Myrtle Apartments, Inc. v. Lumbermen's Mut. Casualty Co., 258 N.C. 49, 51 (1962) (holding that fraud may not be alleged in general terms); Calloway v. Wyatt, 246 N.C. 129, 133 (1957) (holding that "[a] pleading setting up fraud must allege the facts relied upon to constitute fraud, and that the alleged false representation was made with intent to deceive plaintiff, or must allege facts from which such intent can be legitimately inferred.").

[8] N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81 (1978) (stating that "[o]rdinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor."); Spillman v. Am. Homes of Mocksville, Inc., 108 N.C. App. 63, 65 (1992).

[9] Bicycle Transit Auth. v. Bell, 314 N.C. 219, 228 (1985) (holding that every contract in North Carolina contains an implied covenant of good faith and fair dealing, and that a claim for breach of the covenant of good faith and fair dealing is "part and parcel" of a claim for breach of contract).

[10] Owens v. Pepsi Cola Bottling Co., 330 N.C. 666, 680 (1992) (holding that "unlawful interference with the freedom of contract is actionable" in North Carolina, in multiple situations that may prevent formation of a contract); Cameron v. New Hanover Mem'l Hosp., Inc., 58 N.C. App. 414, 440 (requiring that the plaintiff show the defendant lacked "justification for inducing a third party to refrain from entering into a contract with [the plaintiff] which contract would have ensued but for the interference.").

### C. Counts 2-7 of the Complaint

#### 1. Breach of the Non-Disclosure Agreement Claim (Count 2)

Count 2 of the Complaint, Breach of the Non-Disclosure Agreement, is clearly duplicative of the breach of contract claim set forth in Count 1—which Defendant has not moved to dismiss. Plaintiff correctly therefore conceded this claim should be dismissed and the Court agrees.

#### 2. Unjust Enrichment Claim (Count 3)

Defendant moves to dismiss Count 3 of the Complaint, arguing that Plaintiff failed to allege a viable claim for unjust enrichment. Count 3 asserts that Defendant's actions with respect to the Non-Disclosure Agreement "permitted and enabled" Defendant to profit unjustly at the expense of Plaintiff. (Compl. ¶¶ 21-22.)

To establish a claim for unjust enrichment under New Jersey law, a plaintiff must "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."  VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994).  Quasi-contract liability will not be imposed when a valid, unrescinded contract governs the rights of the parties.  Van Orman v. Am. Ins. Co., 680 F.2d 301, 310 (3d Cir. 1982).  The authority of an express contract will take precedent over a theory of unjust enrichment or quasi-contract liability concerning the identical subject matter since "[t]he parties are bound by their agreement, and there is no ground for implying a promise so long as a valid unrescinded contract governs the rights of the parties." Suburban Transfer Serv., Inc. v. Beech Holdings, Inc., 716 F.2d 220, 226-27 (3d Cir. 1983).

A "[p]laintiff may not bring an unjust enrichment claim while also pleading the existence of a contract."  Am. Rubber & Metal Hose Co., Inc. v. Strahman Valves, Inc., No. 11-1279, 2011

WL 3022243 (D.N.J. July 22, 2011) (quoting <u>Oswell v. Morgan Stanley Dean Witter & Co., Inc.</u>, No. 06-5814, 2007 WL 1756027, at *9 (D.N.J. June 18, 2007)). Count 1 of the Complaint (Breach of Contract) addresses Plaintiff's alleged breach of the Non-Disclosure Agreement. Plaintiff has provided no specific pleading as to what enrichment Defendant received under the contract that would not be addressed as part of the breach of contract claim, and thus this claim is duplicative of Count 1.

Based on these findings, the Court grants Defendant's motion to dismiss Count 3 with prejudice.

### 3. Detrimental Reliance Claim (Count 4) and Fraudulent Misrepresentation Claim (Count 5)

Defendant claims that Plaintiff has repackaged its breach of contract claim as separate torts, and that, under the economic loss doctrine, Plaintiff may not bring such duplicative claims. The Complaint alleges that the Plaintiff and Defendant entered into a Non-Disclosure Agreement, a promise which the Defendant intended the Plaintiff to rely upon, and the Plaintiff did so reasonably rely upon this agreement, and thus was harmed when Defendant broke the agreement. (Compl. ¶¶ 23-26.)  Plaintiff also asserted that Defendant made material, false statements of facts upon which Plaintiff relied, therein causing damages.  (Compl. ¶¶ 27-30.)

The economic loss doctrine holds that a plaintiff may not use a tort theory of relief to recover economic losses to which the plaintiff's entitlement flows only from a contract. <u>Duquesne Light Co. v. Westinghouse Elec. Co.</u>, 66 F.3d 604, 618 (3d Cir. 1995); <u>Alloway v Gen. Marine Indus., L.P.</u>, 149 N.J. 620, 627 (1997).  The economic loss doctrine does not apply to statements extrinsic to the performance of the contract, such as fraudulent inducement. <u>Capitalplus Equity, LLC v. Prismatic Dev. Corp.</u>, Civ. No. 7-321, 2008 WL 2783339, at *6

7

(D.N.J. July 16, 2008) (positing that while the economic loss doctrine is unsettled in New Jersey, it is clear the doctrine will not bar fraud that is extrinsic to the underlying contract).  On the other hand, fraud claims intrinsic to the contract based solely on failure to perform are generally barred by the economic loss doctrine. See, e.g., Saltiel v. GSI Consultants Inc., 179 N.J. 297, 309-13 (2002); Cioni v. Globe Specialty Metals, Inc., No. 14-3404, 2015 WL 4478626, at *4 (3d Cir. July 23, 2015).  In other words, where the sole claim is that a contracting party did not perform as warranted, the economic loss doctrine may bar a fraud-based claim.  Alloway, 149 N.J. at 628.

In these Counts, Plaintiff appears to recycle its breach of contract claim as tort causes of action. Plaintiff's claims here seemingly allege that Defendant violated the Non-Disclosure Agreement in a fraudulent manner, but such behavior is intrinsic to the performance of the contract itself. Since there is no description of what harm Plaintiff suffered beyond the economic losses governed by the contract claim, these claims are barred by the economic loss doctrine. Therefore, the Court concludes that Plaintiff's only recourse for relief on these claims is through contract remedies, and the economic loss doctrine bars relief on these grounds. If Plaintiff contends that it has a cause of action for fraudulent inducement, it should plead the claim explicitly.

Claims 4 and 5 are dismissed without prejudice.

### 4. Breach of Implied Covenant of Good Faith and Fair Dealing (Count 6)

Defendant also requests that the Court dismiss Count 6 of the Complaint on the grounds that Plaintiff has failed to allege a viable claim for breach of the implied covenant of good faith and fair dealing. The Complaint alleges that the parties had an agreement, that Plaintiff performed or substantially performed under the agreement, and that Defendant "unfairly

8

interfered with plaintiff's rights to receive benefits under the agreement, and otherwise acted without good faith." (Compl. ¶¶ 31-35.)

All express or implied contracts in New Jersey have an implied covenant of good faith and fair dealing, and parties to such contracts must "refrain from doing anything which will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract." Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs., 182 N.J. 210, 224-25 (2005) (internal quotations omitted). Breach of this implied covenant occurs when a party acts with "bad motive or intention" to deny the other party the benefit of the bargain originally intended. Id. at 225. The court may find a breach of this covenant has occurred even if no express term of the contract has been violated. Id. at 226. A breach of the implied covenant of good faith and fair dealing may not arise out of the same actions that underlie a breach of contract claim, and the implied covenant may not override an express term of the contract. Wade v. Kessler Inst., 172 N.J. 327, 341, 344-45 (2002).

New Jersey courts have applied this implied covenant to contract disputes in three general ways. First, the covenant has allowed courts to permit the inclusion of terms and conditions in the analysis of a contract that the parties did not expressly set forth in a written contract. Kurnik v. Cooper Health Sys., No. A-4686-06T1, 2008 WL 2829983, at *21 (N.J. Super. Ct. App. Div. July 24, 2008). Second, the covenant may be used to provide redress for bad faith performance of a contract even if a party has not breached an express term of the contract. Id. Finally, the covenant permits the court to examine a party's exercise of discretion as expressly granted by the contract. Id.

The Complaint alleges the existence of the Non-Disclosure Agreement, an express contract governing the relationship between the parties. Plaintiff's claim on this Count is, in

essence, that Plaintiff performed under the Agreement, and that Defendant acted without good faith by not performing under the Agreement. Plaintiff's factual allegations do not go beyond those required to plead breach of contract, and Plaintiff may not bring a claim for breach of good faith and fair dealing using only the same underlying facts that it alleges in its breach of contract claim. Plaintiff has not alleged any facts leading the Court to believe there are terms or conditions not expressly included in the contract that it should consider. And Plaintiff does not allege that Defendant exercised its discretion impermissibly to prevent Plaintiff from receiving benefits under the Non-Disclosure Agreement. Simply put, Plaintiff has not alleged any unlawful conduct by Defendant that is distinct from the alleged contract breach.

Therefore, the Court grants Defendant's motion to dismiss Claim 6 with prejudice.

### 5. Interference with Prospective Economic Advantage (Count 7)

Finally, Defendant asks this Court to dismiss Plaintiff's claim for interference with prospective economic advantage. Plaintiff claims that a business relationship existed between the parties due to the Non-Disclosure Agreement. (Compl. ¶ 37.) Due to Defendant's alleged actions in breaching the Non-Disclosure Agreement, Plaintiff claims that Defendant "interfered with plaintiff's reasonable expectations of continued business growth and servicing of its customers, other businesses in its chains of service, and other members of the trade." Id. Furthermore, Plaintiff alleges that Defendant's conduct "wrongfully undermined" Plaintiff's legitimate business expectations. (Compl. ¶ 38.)

"A complaint based on tortious interference must allege facts that show some protectable right—a prospective or contractual economic relationship." Printing Mart-Morristown v. Sharp Elecs Corp., 116 N.J. 739, 751 (1989). To succeed on a claim of tortious interference, the plaintiff must show that without the interference, the plaintiff had a reasonable expectation that

he would have received the anticipated economic benefits. Lamorte Burns & Co. v. Walters, 167 N.J. 285, 306 (2001). Second, the complaint must allege facts claiming that the defendant's interference with the protectable right was intentional and with "malice." Printing-Mart Morristown, 116 N.J. at 751-52. Third, the complaint must allege facts leading to the conclusion that the interference caused the loss of the prospective gain. Id. Fourth, the complaint must allege that the injury caused damage. Id.

"The interference with one's own contract is merely a breach of that contract. [Tortious interference] requires the meddling into the affairs of another . . . ." Cappiello v. Ragen Precision Indus., Inc., 192 N.J. Super. 523, 529 (1984). A party's interference with the performance of its own contract is governed by contract law principles. Printing Mart-Morristown, 116 N.J. at 752.

It is unclear from the Complaint whether Plaintiff alleges that Defendant interfered in the relationship between Plaintiff and Defendant, or in potential relationships between Plaintiff and third parties. Plaintiff cannot succeed on a claim for tortious interference with economic advantage for any alleged interference Defendant made with the contractual relationship between Plaintiff and Defendant, as those claims must be examined under contract law. See Printing Mart-Morristown, 116 N.J. at 753. Nor can Plaintiff base any claim upon its hoped-for relationship with Defendant. Furthermore, there are no factual pleadings in this Complaint that demonstrate that Defendant's actions prospectively interfered with Plaintiff's economic relationship with other parties, as no other parties or potential relationships are specified. This pleading does not suffice under New Jersey's "reasonable expectation" standard, as general statements that a party interfered with potential relationships and opportunities do not give rise to a reasonable inference that Defendant interfered with Plaintiff's potential business opportunities.

If Plaintiff contends that it has a cause of action for tortious interference with economic advantage, it should plead the claim explicitly.

The Court grants Defendant's motion to dismiss Count 7 without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's motion on all counts.  An appropriate Order will be filed.

s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated:  October 14, 2015